Theophil W. STREULE, Appellant,

v.

GULF FINANCE CORPORATION,
Appellee.

No. 5697.

District of Columbia Court of Appeals.

Argued Jan. 17, 1972 by appellant; submitted on behalf of appellee.

Decided March 27, 1972.

Theophil W. Streule, pro se.

A. Fred Freedman, Washington, D. C., was on brief for appellee. James F. Temple, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, KELLY, Associate Judge, and QUINN, Associate Judge, Retired.

KELLY, Associate Judge.

In a prior appeal to this court we affirmed a judgment awarded appellee [defendant] on its counterclaim against appellant [plaintiff] but remanded the case to the trial court for computation of damages in accordance with D.C.Code 1967, § 16–3740.[1] Streule v. Gulf Finance Corporation, D.C.App., 265 A.2d 298 (1970). On remand, without further hearing, the following entry

---

1. § 16–3740. Judgment for defendant and determination of damages

If the issue in an action of replevin pursuant to this subchapter is found for the defendant, or the plaintiff dismisses or fails to prosecute his suit, or judgment is rendered against plaintiff on proper motion under rules of court, the judgment shall be that the goods, if delivered to the plaintiff, be returned to the defendant, with damages for their detention, or, on failure, that the defendant recover from the plaintiff and his surety the damages sustained by him.

was made by the judge who presided at the original trial:

Judgment in accordance with D.C.C.A. decision of 5/5/70:

(Trial Court found value of the auto in question to be $850.00—see Trial Court Statement of Proceedings and Evidence dated 8–21–68) WHEREFORE, judgment for defendant for possession of automobile. Upon failure of plaintiff to return automobile to defendant within 5 days from May 29, 1968, Defendant may have judgment against plaintiff in the amount of $850.00, plus costs and interest.

The same day, October 8, 1970, there appears an additional entry concerning appellant's motion for stay of entry of judgment pending the filing of a petition for a writ of certiorari to the Supreme Court respecting our prior decision,[2] as follows:

Defendant's[3] motion for stay of entry of judgment in accordance with D.C.C.A. opinion is not to be heard on basis of being improper motion at this point.

From the above entries one would suppose that, failing the return of the car within the time specified, Gulf Finance possessed a judgment against appellant Streule for $850.00. Such supposition would be unwarranted, however, for in some fashion, upon the entry of an appearance by new counsel as "added attorney for defendant" [Gulf] on November 12, 1970, the case came before another trial judge and was continued to November 19th. On this latter date there is a docket entry reading:

Testimony taken by witness on value of car as of 1–11–66 [sic] wholesale value

$1000.00. As of 4–27 $850.00. Under advisement

followed by an entry of November 24, 1970, which reads:

Ordered that plaintiff pay to Gulf Finance Co., defendant the sum of $850.00 plus cost and interest from April 22, 1968. Further ordered that copies be sent to all parties and legal representatives in this case. See order herein

The written order of November 24 recites that the case was referred back to the court to establish the value of the automobile in accordance with D.C.Code 1967, § 16–3740. No mention is made of the prior entry of judgment against Streule or the manner in which the case was "referred back" to the court. Nevertheless, upon someone's initiative, the court appears to have taken testimony as to the value of the car on April 22, 1968, the original "trial finding" date, and, according to the order, to have found that its then retail value was $1,185.75 in contrast to a wholesale value of $850.00. No alternative judgment for possession of the car is included in the order.

Appellant Streule's subsequent motion to vacate and set aside the judgment of November 24, 1970, was denied by still a third trial judge, and this appeal ensued.[4]

■ Appellant claims, and the claim is not disputed, that the questioned judgment was entered after an ex parte hearing without notice to him. This was error. Our prior remand on the issue of damages contemplated a hearing at which both parties would have an opportunity to present evidence of the value of the car. As we said:[5]

Our Code 1967, § 16–3740 provides that in an action of replevin, if the defendant

---

2. A petition for allowance of appeal to the United States Court of Appeals for the District of Columbia Circuit had been denied by Order on September 21, 1970.

3. The notice of this ruling sent to the parties by the trial judge correctly iden-

tified the motion as that of the plaintiff.

4. Appellant's pleadings and brief, as well as appellee's brief, refer to a judgment entered on December 4, 1970, but we find no such entry on the docket.

5. 265 A.2d at 302.

prevails, "the judgment shall be that the goods, if delivered to the plaintiff, be returned to the defendant, with damages for their detention, or, on failure, that the defendant recover from the plaintiff and his surety the damages sustained by him." [Footnote omitted.][6]

In case Streule fails to deliver the automobile, the amount of damages sustained by Gulf is not necessarily measured by the unpaid balance of its lien, because the value of the automobile may not equal that amount. If Streule fails to return the automobile, Gulf's damages must be computed and judgment therefor entered against Struele and his surety.

■ Accordingly, a hearing should be held, after notice to both parties, to determine first, in the event the automobile is returned to Gulf by Streule, whether Gulf is also entitled to damages for its detention, and, second, Gulf's damages in the event that Streule fails to return the car. In the first alternative, absent additional consequential damage, the measure of damages would be the value of the automobile at the time it was seized under the writ of replevin, less its value when returned; in the second, the value of the car when seized. In either case, Gulf is compensated for any depreciation in value of the car while in Streule's possession.

Since we hold that it was error to deny appellant's motion to vacate and set aside judgment, the order of the trial court is

Reversed and the case remanded for further proceedings in accordance with this opinion.

6. We note that D.C.Code 1967, § 16-3740 has been repealed. See Pub.L.No. 91-358, § 145(o) (1), tit. I, 84 Stat. 564.

The applicable section now is D.C.Code 1967, § 16-3711, which contains the same language.